(95 Misc. Rep. 175)

### BIGLOW v. FRANK PRESBREY CO.

(Supreme Court, Appellate Term, First Department.    May 26, 1916.)

PRINCIPAL AND AGENT ⬥⟶136(2)—LIABILITY TO CREDITORS.

Where the agent of a hotel corporation procured his principal to purchase goods from another corporation in return for board and lodging furnished officers of the latter, *held*, that the agent was not liable for the value of the goods to the trustee in bankruptcy of the vendor corporation; there being no privity of contract.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 478; Dec. Dig. ⬥⟶136(2).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by L. Horatio Biglow, Jr., trustee in bankruptcy of the Byron Company, against the Frank Presbrey Company. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Wilder, Ewen & Patterson, of New York City (John Ewen, of New York City, of counsel), for appellant.

Reese D. Alsop, of New York City, for respondent.

GUY, J. Defendant appeals from a judgment entered in favor of plaintiff by direction of the court after a trial without a jury in an action to recover for goods sold and delivered, consisting of certain postal cards advertising the Biltmore Hotel.

The complaint alleges that plaintiff's assignor, the Byron Company, prior to the appointment of plaintiff trustee for the benefit of creditors, sold and delivered to the defendant, at its special instance and request, and upon its promise to pay therefor, certain goods, wares, and merchandise, consisting of post cards, of the agreed price and reasonable value of $429.40, no part of which has been paid.

The answer sets up a general denial and two separate defenses: First, that the post cards in question were ordered for the Biltmore Hotel and paid for; second, that the post cards were ordered by the defendant, as advertising agent, to be provided for the said Biltmore Hotel, a domestic corporation, and that when the order was given it was agreed that payment should be made, not in cash, but by the Biltmore Hotel giving credit to the Byron Company and its president, one C. L. Chester, for board and lodging, and that such credit was given in pursuance of the agreement and in payment of the account.

---

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The facts are undisputed. The evidence does not establish any privity of contract between plaintiff and defendant, but, on the contrary, that defendant merely undertook, at the request of plaintiff's president, to "get them the order from the Biltmore to the Byron Company for 30,000 postal cards," to be paid for in board, and that defendant did get such order on the terms proposed by defendant's president. It is clear that it was not the intent of the parties that defendant should assume any liability individually for the value of the goods, but merely that it should obtain for plaintiff an order from defendant's principal, on the terms proposed by plaintiff.

It is not for this court to consider what cause of action, if any, plaintiff may have against the Biltmore corporation, or what defenses, such as ratification or estoppel, might be interposed in such an action. Plaintiff failed to make out a cause of action against the defendant.

The judgment must therefore be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.